**Affirmed and Opinion filed July 18, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00900-CR

---

**CONRAD SCOTT CHAPA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 1319782**

## O P I N I O N

Appellant Conrad Scott Chapa appeals from his conviction for sexual assault of a child (14 to 17 years old). After appellant pleaded guilty and the trial court conducted a presentence investigation (PSI) hearing, the trial court assessed punishment at eight years' imprisonment. In a single issue, appellant contends that the trial court erred in denying his request for a hearing on his motion for new trial alleging ineffective assistance of counsel. We affirm.

## *Background*

Appellant was charged with committing sexual assault of a child, a second degree felony, in September 2011. The complaint alleged that appellant first communicated with the fourteen-year-old complainant in an online chat room. Appellant requested to meet the complainant in person and subsequently took her to a motel room where he repeatedly asked her to have unprotected sexual intercourse with him, but she refused. He then repeatedly asked the complainant to perform oral sex, and she ultimately agreed. Appellant completed a sworn written statement admitting to receiving oral sex from the complainant, and his confession was recorded by a digital video recorder.

On February 8, 2012, appellant pleaded guilty to the offense and requested that the trial court assess punishment without an agreed recommendation. Appellant also initialed and signed various admonishments. Appellant's retained counsel requested a PSI hearing, during which counsel asked the trial court to defer a finding of guilt and place the defendant on probation. At the conclusion of the hearing, the judge sentenced appellant.

With new counsel, appellant filed a motion for new trial and motion in arrest of judgment, alleging that he received ineffective assistance of counsel prior to pleading guilty and, as a result, his plea was involuntary. The motion was supplemented with appellant's verification and an affidavit from his father. Appellant's plea counsel filed an affidavit in response to the allegations made by appellant and his father. The trial court denied the request for a hearing and the motion for new trial.

## *Standards of Review*

We review a trial court's ruling on whether to grant a hearing on a motion for new trial under an abuse of discretion standard. *Smith v. State,* 286 S.W.3d 333, 339 (Tex. Crim. App. 2009). We will reverse only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Id.* The purpose of a hearing on a motion for new trial is to: (1) decide whether the case should be retried and (2) prepare a record for presenting issues on appeal in the event the motion is denied. *Id.* at 338. The right to a hearing on a motion for a new trial is not absolute. *Id.*

A hearing on a motion for new trial is mandated when the motion raises matters which are not determinable from the record and the defendant establishes the existence of reasonable grounds showing that he or she could be entitled to relief. *Id.* at 338-39. Thus, as a prerequisite to a hearing, the motion must be supported by an affidavit specifically setting out a sufficient factual basis for the claims made. *Id.* at 339. The affidavit need not establish a *prima facie* case, but it must at least contain facts showing reasonable grounds to believe that the defendant could prevail under both prongs of the test for ineffective assistance of counsel under *Strickland. Id.* at 338 (citing *Strickland v. Washington,* 466 U.S. 668 (1984)).

Under *Strickland,* a defendant seeking to challenge his counsel's representation must establish that counsel's performance (1) was deficient, and (2) prejudiced his defense. *Smith,* 286 S.W.3d at 340-41 (citing *Strickland,* 466 U.S. at 687). To show deficiency, the defendant must prove by a preponderance of the evidence that counsel's representation objectively fell below the standard of professional norms. *Id.* at 340. To establish prejudice, the appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different. *Id.* Before a defendant is entitled to a hearing on his motion for new trial alleging ineffective assistance of counsel, a defendant must allege sufficient facts from which a trial court could reasonably conclude both that counsel failed to act as a reasonably competent attorney and that, but for counsel's failure, there is a reasonable likelihood that the outcome of his trial would have been different. *Id.*

The requisite deficiency can be the result of a commission or omission that no other reasonable attorney would regard as sound trial strategy. *Id.* at 342. However, even assuming such deficiencies exist, the appellant's motion and supporting affidavit must provide reasonable grounds to satisfy the prejudice prong of *Strickland.* *Id.* Both parties agree that the issues appellant raises are not discernable from the record. However, the parties disagree as to whether appellant, in his motion for new trial and supporting verification and affidavit, established the existence of reasonable grounds to show he could be entitled to relief for ineffective assistance of counsel.[1]

Appellant contends that counsel's ineffective assistance rendered his guilty plea unknowing and involuntary. A record that indicates that the trial court properly admonished the defendant provides a *prima facie* showing that the guilty plea was made voluntarily and knowingly. *Martinez v. State,* 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). As a result of signing the admonishments, a heavy burden is placed on defendant to show a lack of voluntariness. *Id.*; *see also Mallett v. State,* 65 S.W.3d 59, 64 (Tex. Crim. App. 2001). However, a guilty plea is not voluntary if made as a result of ineffective assistance of counsel. *Ex parte*

---

[1] Appellant filed a verification of his motion for new trial rather than an affidavit in support thereof. The Court of Criminal Appeals has considered a verification to be acceptable in lieu of a separate affidavit in the context of a motion for new trial. *See Hobbs v. State*, 298 S.W.3d 193, 200 & n.32 (Tex. Crim. App. 2009).

*Niswanger*, 335 S.W.3d 611, 614-15 (Tex. Crim. App. 2011). When a defendant enters his plea on advice of counsel and subsequently challenges the voluntariness of that plea based on ineffective assistance, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *Ex parte Morrow,* 952 S.W.2d 530, 536 (Tex. Crim. App. 1997) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

### *Appellant's Motion*

In his verified motion for new trial, appellant stated that his counsel told him that if he pleaded guilty, counsel would ask the trial judge for deferred adjudication, but counsel did not explain what deferred adjudication on a sexual offense crime would entail or provide "a realistic result of a plea to a presentence investigation hearing." Although what was meant by the latter phrase is not entirely clear, appellant asserts on appeal that counsel misled him regarding his chances of getting deferred adjudication from the trial judge, so we will interpret the statement in the motion to be in accordance with this appellate assertion.

Appellant further alleged in his motion that counsel failed to inform appellant that he was eligible to receive probation from a jury and failed to inform him of any plea offers from the State. Appellant also contends that plea counsel failed to provide him with enough information to make an informed decision regarding any potential plea bargain agreement. Appellant states that when counsel failed to convey the State's offer, he was deprived of the option to accept the deal and suffered harm when his ultimate sentence was three years more than the plea offer.[2]

---

[2] Appellant does not specifically state in the motion what the offer from the State included, but his father stated in his affidavit, also attached to the motion, that plea counsel informed him of a five-year offer, and this can be confirmed mathematically based on appellant's eight-year sentence. Plea counsel's affidavit states that he informed appellant of the five-year

5

Appellant concludes that plea counsel "failed to adequately inform him of the entire range of possible consequences of setting the case for trial or pleading without a recommendation," and if he had been fully informed regarding deferred adjudication, he would have chosen to go to trial on the merits rather than to plead guilty. Appellant further says that he was not given a realistic expectation for his sentence and, had he been, he would have chosen to go to trial on the merits.

Appellant's allegations of ineffectiveness therefore boil down to counsel's asserted conduct in: (1) failing to explain what deferred adjudication entailed; (2) misleading appellant regarding his chances of getting deferred adjudication; and (3) failing to inform appellant of any plea offers prior to entering the guilty plea.[3] Whether counsel's alleged omissions show a deficiency in performance that prejudiced the defense is not readily determinable from the record. Therefore, we must determine whether appellant's verified motion for new trial and supporting affidavit "allege facts that would reasonably show that his counsel's representation fell below the standard of professional norms and that there is a reasonable probability that, but for his counsel's conduct, the result of the proceeding would have been different." *Smith,* 286 S.W.3d at 341.

### *Analysis*

We begin with appellant's contention that plea counsel's failure to explain what deferred adjudication for a sex offense entailed caused him to make an

offer.

[3] As set forth above, in his motion, appellant also stated that counsel failed to inform him that he would be eligible for probation from a jury. Appellant does not pursue this specific contention on appeal; instead, he argues that counsel failed to explain to him the differences between deferred adjudication and probation, an assertion he did not make in the trial court. It is well established that to be reviewable, an argument made on appeal must comport with the issue as raised below. *See, e.g., Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *Williams v. State*, No. 14-12-00017-CR, 2013 WL 2489929, at *8 (Tex. App.—Houston [14th Dist.] June 11, 2013, no pet. h.). Appellant has failed to preserve this argument.

unknowing and involuntary guilty plea. The State argues this allegation is conclusory. We agree with the State. Appellant does not describe exactly what counsel failed to explain or why that would cause him to not plead guilty and instead seek trial on the merits. *See Jordan v. State,* 883 S.W.2d 664, 665 (Tex. Crim. App. 1994) (holding new trial affidavit that included assertions counsel had failed to explain several facets of relevant law to the defendant and did not permit the defendant to make an informed choice as to the alternative options was conclusory); *Watson v. State,* 37 S.W.3d 559, 561 (Tex. App.—Beaumont 2001, no pet.) (affirming denial of new trial hearing where conclusory affidavit failed to explain what consequence of his plea the defendant failed to understand due to alleged ineffective assistance of counsel); *Buerger v. State,* 60 S.W.3d 358, 363 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (affirming denial of new trial hearing where conclusory affidavit failed to describe what aspect of a hearing defendant failed to understand).[4] These allegations were therefore not sufficient to mandate a new trial hearing. The trial court acted within its discretion in denying a hearing on this ground.

Next, appellant asserted his counsel provided ineffective assistance by failing to advise appellant regarding his realistic chances of receiving deferred adjudication. We have previously held that it was not ineffective assistance for a defense counsel to advise his client to plead guilty under the expectation that there would be a lighter sentence than what the client ultimately received. *See Graves v. State,* 803 S.W.2d 342, 345-47 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd) ("[Graves] was not denied effective assistance of counsel by counsel's inaccurate prediction that appellant would receive probation if he entered a *nolo contendere*

---

[4] We also note that the admonishments appellant signed contained an explanation regarding the consequences of deferred adjudication. Appellant does not specifically complain of any consequence that he was not made aware of in the admonishments.

plea where the record reveals no promises to appellant and that he was fully admonished that the court could assess punishment anywhere within the statutory range."). Here, appellant signed admonishments explaining the range of possible punishments for the offense to which he pleaded guilty. At no point has appellant alleged that plea counsel made any promises regarding his sentence.[5]

Appellant analogizes this case to *Ex parte Battle*, 817 S.W.2d 81 (Tex. Crim. App. 1991), and argues that prejudice is established when a defendant pleads guilty based on trial counsel's erroneous advice that the defendant has a chance at probation. Appellant's reliance on *Battle* is misplaced. In *Battle,* the counsel's advice was objectively inaccurate. *Id*. at 84. The defendant in that case was in fact ineligible for probation due to the nature of his offense. *Id.* at 83. Here, deferred adjudication was a permissible outcome for the offense to which appellant pleaded guilty. Tex. Code Crim. Proc. art. 42.12 § 5(a). In *Battle,* the attorney's representations fell below an objective standard of reasonableness because they were not only unrealistic, but impossible predictions. *See Battle,* 817 S.W.2d at 84. Appellant's allegation regarding plea counsel's failure to realistically assess his odds of obtaining deferred adjudication were not sufficient to warrant a new trial hearing.

Lastly, appellant complained that his plea counsel failed to communicate a plea offer from the State of five years in prison. When a plea offer lapses or is rejected due to counsel's deficient performance, a defendant must demonstrate a reasonable probability that they would have accepted the plea offer had they been afforded effective assistance of counsel. *E.g., Missouri v. Frye,* 132 S.Ct. 1399,

---

[5] Appellant's motion for new trial stated "[trial counsel], told [appellant] if he pleaded guilty to the offense then he was going to ask for deferred adjudication from the judge," and appellant's father's affidavit stated "[trial counsel] always said we were going for deferred adjudication."

1409 (2012). Appellant asserts here that had he known all of his options, he would have elected to go to trial on the merits. At no point does appellant suggest that he would have accepted the plea deal offered by the State.[6] Consequently, appellant has not shown prejudice in relation to counsel's failure to inform him of any plea offers; this allegation was not sufficient to require a hearing.

Because none of appellant's allegations were sufficient to require the trial court to hold a hearing on the motion for new trial, the trial court did not abuse its discretion in refusing to hold a hearing. *Smith*, 286 S.W.3d at 339. Accordingly, we overrule appellant's sole issue on appeal.

We affirm the trial court's judgment.


/s/    Martha Hill Jamison
       Justice

Panel consists of Justices Boyce, Jamison, and Busby.

Publish — TEX. R. APP. P. 47.2(b).

---

[6] Appellant analogizes the case at bar to *Martinez v. State*, wherein the Court of Criminal Appeals held that the trial court erred in failing to hold a new trial hearing to consider allegations defense counsel failed to inform the defendant regarding a plea offer. 74 S.W.3d 19, 22 (Tex. Crim. App. 2002). However, the defendant's affidavit in *Martinez* included an assertion that had he known of the plea deal, he would have accepted it rather than go to trial. *Id.* at 20. Appellant makes no such assertion here, and *Martinez* is therefore distinguishable.