**Affirmed and Memorandum Opinion filed September 5, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00672-CR

_____

**ROCKY CHRISTOPHER BURNETT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 10CR3812**

## M E M O R A N D U M   O P I N I O N

Appellant Rocky Christopher Burnett pleaded guilty to felony theft and was sentenced to seven years' confinement. On appeal, he argues that his guilty plea was involuntary. We affirm.

### BACKGROUND

From July 3, 2009 to September 4, 2010, the appellant made several

unauthorized charges on a credit card that belonged to his mother's employer; over that 14-month period, the appellant spent more than $120,000 on the card. On December 16, 2010, the appellant was indicted for the second degree felony of theft of property valued between $100,000 and $200,000.

The appellant signed a document titled "Written Plea Admonishments-Waivers-Stipulations" on February 22, 2012. That document explained that the appellant was charged with a second degree felony and that, if convicted, he would face punishment of "[a] term of not more than 20 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice[] and in addition, a possible fine not to exceed $10,000.00." A handwritten notation states that there is no agreed recommendation on punishment and that the issue would be determined by the trial court.

The document expressly notes the appellant's knowledge of the possible consequences of his plea and his satisfaction with his attorney's performance:

> Comes now the Defendant, joined by counsel, and states that I understand the foregoing admonishments from the Court and am aware of the consequences of my plea. I further state that I am mentally competent, [and] that my plea is freely and voluntarily made. . . . I am totally satisfied with the representation provided by my attorney who provided fully effective and competent representation . . . . I completely understand all of the written waivers, stipulations and motions herein stated in connection with the plea, and each was done freely, voluntarily, and intelligently.

These sentiments are reiterated immediately above the appellant's signature, in a paragraph titled "Guilty Plea," which provides:

> Understanding and agreeing to all of the above, I freely and voluntarily plead GUILTY and confess my GUILT to having committed each and every element of the offense alleged in the indictment or information by which I have been charged in this cause

and I agree and stipulate that the facts contained in the indictment or information are true and correct and constitute the evidence in this case.

On June 20, 2012, the trial court sentenced the appellant to seven years' confinement; this appeal followed. On July 5, 2012, the appellant's trial counsel filed a motion to withdraw as counsel of record, citing conflicts that had arisen between the appellant and himself. By July 16, 2012, the appellant had retained a new attorney, and he filed a motion for new trial on July 20, 2012, alleging that his guilty plea had been rendered involuntary by the ineffective assistance of his trial counsel.

On appeal, the appellant argues that (1) his guilty plea should be nullified as involuntary because he "was not made aware that a prison sentence was even a remote possibility," and (2) his trial counsel rendered ineffective assistance for failing to inform him "about even a remote possibility of prison time."

Because both arguments rely on the allegation that the appellant's trial counsel misinformed the appellant about the consequences of his plea, we analyze them together to determine whether the appellant's guilty plea was rendered involuntary by the ineffective assistance of his trial counsel.

## ANALYSIS

No plea of guilty or nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is voluntary. Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2012). "It is a due process violation for a trial court to accept a guilty plea without an affirmative showing 'spread on the record' that the guilty plea was intelligently and knowingly made." *Fuller v. State*, 253 S.W.3d 220, 229 (Tex. Crim. App. 2008) (quoting *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)). "The record must 'affirmatively disclose that

a defendant who pleaded guilty entered his plea understandingly and voluntarily.'" *Fuller*, 253 S.W.3d at 229 (quoting *Brady v. United States*, 397 U.S. 742, 747 n.4 (1970)).

In considering the voluntariness of a guilty plea, the court should examine the record as a whole. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). A record that indicates that the trial court properly admonished the defendant provides a *prima facie* showing that the guilty plea was made voluntarily and knowingly. *Id.*; *Chapa v. State*, No. 14-12-00900-CR, __ S.W.3d __, 2013 WL 3757081, at *2 (Tex. App.—Houston [14th Dist.] July 18, 2013, no pet. h.). A defendant may still raise the claim that his plea was not voluntary; however, the burden shifts to the defendant to demonstrate that he did not fully understand the consequences of his plea such that he suffered harm. *Martinez*, 981 S.W.2d at 197; *Chapa*, 2013 WL 3757081, at *2. This is a heavy burden, and it is especially so when an appellant attests to the voluntariness of his plea at his original plea hearing. *See Chapa*, 2013 WL 3757081, at *2; *Arreola v. State*, 207 S.W.3d 387, 391 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

However, a guilty plea is not knowing or voluntary if made as a result of ineffective assistance of counsel. *Ex parte Moussazadeh*, 361 S.W.3d 684, 689 (Tex. Crim. App. 2012). When a defendant enters a plea on advice of counsel and subsequently challenges the voluntariness of that plea based on ineffective assistance, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and, if not, whether there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)); *Chapa*, 2013 WL 3757081, at *2. Such a

challenge must be affirmatively supported by the record. *Tabora v. State*, 14 S.W.3d 332, 336 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *see Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

The appellant's claim for ineffective assistance rests on an affidavit signed by the appellant. In relevant part, it states:

> 2. On or about September 27, 2010, my mother, Joan Burnett, and I retained the counsel of attorney Paul H. LaValle ("Paul"). From the beginning of Paul's representation until the day that I was sentenced, Paul informed us that we would get probation.
>
> 3. Throughout the duration of Paul's representation, Paul was [sic] emphatically told us that there was no possibility that we would go to jail. Paul constantly assured us, and even family members that we were only going to receive probation. Specifically, Paul told this to my step-father David Evans, my aunt Denise Burnett, Eaven Morrison, and my wife Brittney Burnett.
>
> 4. On or about February 22, 2012, my mother and I were in Court for my plea agreement hearing. After speaking with our attorney and probation officer in the court, Paul came back and told me I would receive probation. To prove what he had been telling us all along Paul showed me a document which showed me the specifics of the probation to which I was being granted. In particular the probation document showed things such as the duration of probation, community service requirements, drug testing requirements, and that I would get 10 years probation.
>
> 5. In reliance on Paul H. LaValle, I pled guilty only thinking that I was going to be given probation. Based on Paul's representations, at no time was I told that there was even a that [sic] I had probation.
>
> 6. On or about June 20, 2012, we were in Court for sentencing. Having already been told that we had received probation, I believed that the hearing was just a formality. Once Judge Wayne Mallia sentenced me to jail time, I was more than shocked. I never would have pled guilty had I known that the judge could sentence me to jail time.

The affidavit was attached to the appellant's motion for new trial; there was no hearing on the motion. This is insufficient to support the appellant's allegations for two reasons.

First, affidavits themselves are not evidence; an affidavit attached to a motion is merely "a pleading that authorizes the introduction of supporting evidence." *Stephenson v. State*, 494 S.W.2d 900, 909 (Tex. Crim. App. 1973); *Jackson v. State*, 139 S.W.3d 7, 20 (Tex. App.—Fort Worth 2004, pet. ref'd). To constitute evidence, an affidavit must be introduced as evidence in a hearing before the trial court. *Stephenson*, 494 S.W.2d at 909-10; *Jackson*, 139 S.W.3d at 20. Unless an affidavit or other document in the clerk's record has been offered and admitted into evidence, it cannot be considered on appeal. *Webber v. State*, 21 S.W.3d 726, 731 (Tex. App.—Austin 2000, pet. ref'd) (citing *Stephenson*, 494 S.W.2d at 909-10). In the present case, the affidavit was not admitted into evidence, and therefore, the record contains no evidence in support of the appellant's claims. *See Webber*, 21 S.W.3d at 731; *see also Wright v. State*, 178 S.W.3d 905, 916-17 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (rejecting the appellant's argument that the court could consider a DVD attached to the appellant's motion for a hearing and new trial).

Second, the allegations contained in the appellant's affidavit do not rebut the *prima facie* showing that he entered his plea voluntarily and knowingly. *See Martinez*, 981 S.W.2d at 197; *Chapa*, 2013 WL 3757081, at *2. Standing alone, a defendant's claim that he was misinformed by counsel is not enough for a reviewing court to hold that the plea was involuntary. *Tabora*, 14 S.W.3d at 336 (citing *Fimberg v. State*, 922 S.W.2d 205, 208 (Tex. App.—Houston [1st Dist.] 1996, pet ref'd)). Likewise, a plea is not rendered involuntary because the defendant did not receive the punishment he hoped for, even if his expectation was

the result of something the defendant claims his lawyer told him. *Nicholas v. State*, 56 S.W.3d 760, 771 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (citing *Heiligmann v. State*, 980 S.W.2d 713, 715 n.4 (Tex. App.—San Antonio 1998, no pet.). Without affirmative support in the record, the allegations contained in the appellant's affidavit are insufficient to support a claim of ineffective assistance. *See Thompson*, 9 S.W.3d at 813. Accordingly, we cannot conclude that the ineffective assistance of his trial counsel — if it existed — rendered the appellant's plea involuntary.

We overrule both of the appellant's issues.

## CONCLUSION

Having overruled both issues raised by the appellant, we affirm the judgment of the trial court.


/s/     William J. Boyce
        Justice


Panel consists of Justices Boyce, Jamison, and Busby.

Do Not Publish — Tex. R. App. P. 47.2(b).