**Affirmed and Memorandum Opinion filed April 10, 2014.**



**In The**

# 𝔉ourteenth 𝔠ourt of 𝔄ppeals

## NO. 14-13-00153-CR

**THOMAS JAMES IANUZI, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1368809**

## MEMORANDUM OPINION

Appellant pleaded guilty to assaulting his wife. The trial court deferred a finding of guilt and placed appellant on community supervision for a period of five years. In a single issue, appellant contends that the trial court abused its discretion by failing to conduct a live hearing on his motion for new trial. We affirm the trial court's judgment.

## BACKGROUND

Appellant moved for a new trial on two separate grounds. The first ground attacked the voluntariness of the plea. Appellant argued that his plea was involuntary because he was not rational when he appeared before the trial court. Appellant supported his claim with a sworn affidavit, which concentrated on both his mental and physical health. Appellant testified that he suffered from attention deficit disorder and required a prescribed dosage of Adderall. Appellant claimed that he had been deprived of his medication since arriving in jail, more than two weeks before the plea hearing. Appellant also testified that he was malnourished. As a bodybuilder, he was accustomed to consuming between 7,000 and 15,000 calories per day. In jail, however, appellant's daily caloric intake was less than 2,000, according to his own estimation. Appellant asserted in his motion that he entered his plea "to save his life and health."

The second ground in appellant's motion for new trial was for ineffective assistance of counsel. Appellant contended that his trial counsel failed to investigate the allegations from his wife. Appellant testified that his wife was addicted to pills and alcohol. Appellant also suggested in his motion that his wife had falsified her criminal complaint in order to rid herself of him and to begin living with another man.

The trial court denied appellant's motion by written order, without having conducted a hearing.

## ANALYSIS

Appellant's sole point of error is that the trial court refused to hold a hearing on his motion for new trial. He asks for a remand for a hearing.

2

A defendant must give the trial court actual notice that he timely filed a motion for new trial and that he requests a hearing on the motion for new trial. *See Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005). "Presenting the motion for new trial and the request for a hearing is akin to objecting to the erroneous admission of evidence. Absent a proper objection that alerts the trial court to the erroneous admission, the error has not been preserved for appellate review." *Id.*

Appellant did not request a hearing in his motion for new trial, and the record contains no other indication that his desire for a hearing was brought to the attention of the trial court. Because there was no request for a hearing, any error in failing to hold a hearing was not preserved for appellate review. On this basis alone, we may overrule appellant's sole issue on appeal. *See id.* at 231.

Even if error had been preserved, appellant has not demonstrated that the trial court clearly abused its discretion by ruling without the benefit of a hearing. When, as here, a defendant alleges matters in a motion for new trial that cannot be determined from the record, a hearing is not required unless the defendant establishes the existence of reasonable grounds showing that he could be entitled to relief. *See Smith v. State*, 286 S.W.3d 333, 338–40 (Tex. Crim. App. 2009). This burden is satisfied when the motion for new trial is supported by an affidavit that specifically sets forth the factual basis for the defendant's claim. *Id.* at 339. An affidavit that is conclusory in nature and unsupported by facts does not provide the requisite notice of the basis for the defendant's claim. *Id.*

### A. Appellant failed to show reasonable grounds that his plea was involuntary.

Where, as here, the record shows that the defendant was duly admonished, there is a prima facie showing that the guilty plea was entered knowingly and

voluntarily. *See Mallett v. State*, 65 S.W.3d 59, 64 (Tex. Crim. App. 2001). By signing the admonishments, a heavy burden is placed upon the defendant to show a lack of voluntariness. *See Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam); *Chapa v. State*, 407 S.W.3d 428, 432 (Tex. App.—Houston [14th Dist.] 2013, no pet.). The defendant must demonstrate that he did not fully understand the consequences of his plea such that he suffered harm. *See Martinez*, 981 S.W.2d at 197.

A trial court may not accept a plea of guilty unless it appears that the defendant is mentally competent and that the plea is free and voluntary. *See* Tex. Code Crim. Proc. art. 26.13(b). We presume that a defendant is competent until he proves his incompetency by a preponderance of the evidence. *See id.* art. 46B.003(b). A defendant is incompetent if he lacks either (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, or (2) a rational as well as factual understanding of the proceedings against him. *See id.* art. 46B.003(a).

Appellant argued that the conditions in jail affected his mental and physical health. He testified that he was deprived of medication used to treat his attention deficit disorder. He also testified that he felt like he was "starving to death" because he was denied his typical high-calorie diet. When appellant finally appeared in court, he claimed that the trial judge commented that he looked dazed and like "a deer in the headlights." Appellant testified that he would have not pleaded guilty had he been in a normal state of health.

Appellant's affidavit testimony does not support a conclusion that he was incapable of consulting with his lawyer at the plea hearing, or that he lacked a present and factual understanding of the proceedings against him. Even if we were to take as true that appellant suffers from attention deficit disorder, "[t]he fact that

4

a defendant is mentally ill does not by itself mean he is incompetent." *See Turner v. State*, No. AP-76580, — S.W.3d —, 2013 WL 5808250, at *11 (Tex. Crim. App. Oct. 30, 2013). There must be some evidence that the "mental illness operates in such a way as to prevent him from rationally understanding the proceedings against him or engaging rationally with counsel in the pursuit of his own best interests." *Id.* Here, there is no such evidence. Appellant did not claim that his mental condition rendered him incompetent. Nor did he explain the nature and duration of withdrawal symptoms from Adderall, if any, or that such symptoms would preclude a person from rationally participating in criminal proceedings. Similarly, there is no evidence explaining how a lower-calorie diet affected the state of appellant's mind. Without such evidence, appellant failed to set forth a factual basis demonstrating that his plea of guilty was involuntary. *Cf. Green v. State*, 264 S.W.3d 63, 68 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (affidavit was conclusory where defendant never explained how his medications, which were allegedly working improperly, precluded him from competently entering a guilty plea).

**B.  Appellant failed to show reasonable grounds that he was denied the effective assistance of trial counsel.**

A defendant may raise a claim of ineffective assistance of counsel in a motion for new trial. *See Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). The defendant must establish two elements: (1) that his trial counsel's representation was deficient, and (2) that the deficient performance was so serious that it deprived him of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986). To show deficiency, the defendant must prove by a preponderance of the evidence that his counsel's representation fell below the standard of professional norms. *See Strickland*, 466 U.S. at 688. To show prejudice, the defendant must demonstrate

5

that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. Before he will be entitled to a hearing on his motion for new trial, a defendant complaining of ineffective assistance of counsel must allege sufficient facts from which a trial court could reasonably conclude that both of these elements have been satisfied. *See Smith*, 286 S.W.3d at 340–41.

Appellant argued in this motion that his trial counsel was deficient because she conducted no investigation into the facts of the case. Appellant asserted that the allegations against him were untrue, and that his wife, who suffered from addiction, fabricated her story so that she could live with another man.

Appellant failed to support his claim with any evidence or affidavit testimony. Appellant did not explain how his wife's alleged problem with addiction had any bearing on the assault charges against him. There is no mention in the affidavit that she falsified her complaint, or that she had ill motives to falsify her complaint. There is also no testimony that an investigation would have discovered evidence useful to the defense.

Appellant addressed his trial counsel's performance in just a single paragraph in his affidavit. He testified as follows:

> Bail in my case was set at twenty thousand ($20,000) dollars. The first lawyer appointed to represent me was supposed to contact my family so they could help me to make bail. I gave that lawyer all the names of my family members and told her where they lived. I never heard from or saw that lawyer again. By the time a new lawyer was appointed I had been in jail for two or three weeks. I lost track of time.

Even if we were to assume that trial counsel's performance was constitutionally deficient, this evidence wholly fails to raise a factual basis for concluding that the outcome of the proceedings would have been different if counsel had conducted an

6

investigation. Without a showing of prejudice, appellant did not demonstrate that he was entitled to relief, and the trial court did not abuse its discretion by failing to give him a hearing on his motion for new trial. *See King v. State*, 29 S.W.3d 556, 569 (Tex. Crim. App. 2000) (hearing not required where defendant made bare assertion that counsel was ineffective for failing to investigate and there was no evidence or explanation of how an investigation would have been beneficial).

## CONCLUSION

We overrule appellant's sole issue and affirm the judgment of the trial court.

/s/     Tracy Christopher
         Justice

Panel consists of Justices Boyce, Christopher, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).