

# Fourth Court of Appeals
## San Antonio, Texas

January 11, 2019

No. 04-18-00357-CR & 04-18-00358-CR

Carlos Javier **CHAVEZ,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 6, Bexar County, Texas
Trial Court No. 551667, 551669
Honorable Wayne A. Christian, Judge Presiding

# O R D E R

This is a consolidated appeal from appellants' convictions for evading arrest and driving while intoxicated. On October 8, 2018, appellant's court-appointed counsel filed a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there is no meritorious issue to raise on appeal.

We determined that the brief filed by appointed counsel on behalf of appellant failed to meet the requirements of *Anders*.[1] Accordingly, we ordered appointed counsel's *Anders* brief stricken and that the brief be redrawn. Pursuant to our order, appointed counsel filed an amended *Anders* brief on November 13, 2018. In *In re N.F.M.*, No. 04-18-00475-CV, 2018 WL 6624409 (Tex. App.—San Antonio Dec. 19, 2018, no pet. h.), we recognized that if, after conscientious review of the record, appointed counsel:

---

[1] Specifically, we noted that although the brief contained a recitation of the testimony and procedural facts, it contained no legal analysis, simply concluding: "Though the facts in this case could have lent themselves to potential reversible error, based on certain requests made by the State, out of an abundance of caution, the Court ruled correctly. Therefore, there is no reversible error evident from the record of this trial." In light of *N.F.M.*, appointed counsel must explain why and how she reached her conclusion that the appeal is frivolous "[t]hough the facts in this case could have lent themselves to potential reversible error. . . ." *See, e.g., Chapa v. State*, 407 S.W.3d 428, 433 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (recognizing that failure to describe or explain allegations renders allegations conclusory); *Brooks v. State*, 76 S.W.3d 426, 432 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (recognizing statements, when unsupported by factual information, are wholly conclusory).

determines the appeal is frivolous and without merit and cannot advance any arguable grounds of error, *then* the brief must contain a professional evaluation of the record (again, with specific references to the record and citations to authority relating to *that* legal issue) demonstrating why counsel has concluded the issue is frivolous.

*Id.* at *4 (emphasis in orig.).

The redrawn brief filed by appointed counsel does not meet these standards. Accordingly, we **ORDER** the redrawn *Anders* brief filed on November 13, 2018 stricken. We therefore **ORDER** the redrawn brief to be filed in this court on or before **January 31, 2019**. We further **ORDER** appointed counsel to notify appellant that the *Anders* brief filed November 13, 2018, has been stricken, that there is no current deadline for filing a pro se brief, and to provide this court with proof that she has notified appellant as ordered.

We **order** the clerk of this court to serve a copy of this order on the trial court and all counsel.

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 11th day of January, 2019.

_____
KEITH E. HOTTLE,
Clerk of Court