# Fourth Court of Appeals
## San Antonio, Texas


January 22, 2019

No. 04-18-00512-CR

**EX PARTE** Steven **ROBLES**,

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR1302-W1
Honorable Catherine Torres-Stahl, Judge Presiding

# O R D E R

Appellant's brief was due December 27, 2018. On January 2, 2019, appellant's appointed counsel filed the following: (1) a motion requesting a six (6) day extension of time to file his brief, (2) a motion to withdraw as counsel, (3) a brief pursuant to *Anders v. California*, 368 U.S. 738 (1967), and (4) an affidavit informing us that he advised appellant of his rights to examine the record and file his own brief.

In counsel's brief, counsel asserts there "is no arguable error evident in the Order Denying Relief Pursuant to TCCP Article 11.072, nor was any error preserved by objection." After reviewing the brief, we find the brief is insufficient in light of our recent decision in *In re N.F.M.*, No. 04-18-00475-CV, 2018 WL 6624409 (Tex. App.—San Antonio Dec. 19, 2018, no pet. h.).

Moreover, counsel's affidavit fails to inform this court whether counsel has fully complied with *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014) because it does not inform us specifically of whether counsel advised appellant of appellant's *pro se* right to seek discretionary review should the court of appeals declare appellant's appeal frivolous. *See id*. at 319-20.

Accordingly, we **GRANT** appointed counsel's motion requesting an extension of time, and **ORDER** appointed counsel's *Anders* brief stricken and that the brief be redrawn.[1] We

---

[1] We advise counsel to pay particular attention to the necessary components of an *Anders* brief as set out in our decision in *N.F.M. See* 2018 WL 6624409, *3-*4. Appointed counsel is instructed that pursuant to our decision in *N.F.M.*, conclusory statements that the appeal is frivolous are inadequate; rather, appointed counsel must explain why and how he reached his conclusion that the appeal is frivolous. *See, e.g., Chapa v. State*, 407 S.W.3d 428, 433 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (recognizing that failure to describe or explain allegations renders allegations conclusory); *Brooks v. State*, 76 S.W.3d 426, 432 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (recognizing statements, when unsupported by factual information, are wholly conclusory).

**ORDER** the redrawn brief to be filed in this court **on or before February 21, 2019**. We further **ORDER** appointed counsel to notify appellant that: (1) he has a *pro se* right to seek discretionary review should the court of appeals declare appellant's appeal frivolous, (2) the *Anders* brief filed on December 27, 2018 has been stricken, and (3) there is no current deadline for filing a pro se brief. Counsel is **ORDERED** to provide this court with proof that he has notified appellant as ordered.

We **order** the clerk of this court to serve a copy of this order on the trial court and all counsel.

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 22nd day of January, 2019.

_____
KEITH E. HOTTLE,
Clerk of Court