

**NUMBER 13-18-00292-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RONNIE WHITE JR.,                                        **Appellant,**

**v.**

THE STATE OF TEXAS,                                    **Appellee.**

### On appeal from the 24th District Court
### of De Witt County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Longoria**

Appellant Ronnie White Jr. pleaded guilty to possession of a controlled substance, a third-degree felony, and true to an enhancement allegation. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c); *see* TEX. PENAL CODE ANN. § 12.42(a). White argues that he

received ineffective assistance of counsel because his trial counsel did not inform him of a plea bargain offered by the State. We affirm.

## I. BACKGROUND

On November 6, 2017, White was indicted for possession of a controlled substance (methamphetamine) in an amount larger than one gram but less than four grams, and because of a prior conviction, it was enhanced to a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c); TEX. PENAL CODE ANN. § 12.42(a). According to White, the State offered White a plea bargain and gave him until May 10, 2018 to accept. If he did not accept the State's offer, the case would proceed to a jury trial. On May 19, 2018, White's counsel contacted the District Attorney's Office via email to accept the plea bargain. On May 20, the State e-mailed White's counsel, informing him that the plea bargain offer had expired on May 10 and that the State was "prepared to go forward for a jury trial as scheduled." The plea bargain offer itself is not part of the appellate record; the only evidence in the record concerning the offer's existence is the assistant district attorney's e-mail, which simply states that the offer had expired.

On May 22, 2018, White pleaded guilty to the offense and true to the enhancement paragraph alleged in the indictment and the case proceeded to sentencing. On May 23, 2018, the trial court sentenced White to fifteen years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice and fined $10,000. This appeal followed.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

In his sole issue, White argues that he received ineffective assistance of counsel because his trial counsel did not inform him in a timely manner of the plea bargain the

State had presented. White claims that because his counsel did not communicate with him about the plea bargain, he was deprived of an opportunity to avoid a longer sentence.

**A. Standard of Review and Applicable Law**

For a claim of ineffective assistance of counsel to be sustained, an appellant must satisfy the two-prong test set forth under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the first prong, an appellant must show by a preponderance of the evidence that counsel's performance fell below an objective standard of reasonableness and prevailing professional norms. *Id.*; *Chapa v. State*, 407 S.W.3d 428, 431 (Tex. App.—Houston [14th Dist.] 2013, no pet.). To evaluate the effectiveness of counsel's performance, we look at the totality of the representation. *See Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Any claim for ineffectiveness of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *See Thompson*, 9 S.W.3d at 814. If the record is silent on the motivation behind counsel's tactical decisions, an appellant usually cannot overcome the strong presumption that counsel's representation was reasonable. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (en banc). Because "the record is generally underdeveloped," direct appeal is usually an inadequate vehicle for claims of ineffective assistance of counsel. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012). Additionally, courts are hesitant to declare a counsel's performance as deficient until counsel has been afforded an opportunity to explain their reasoning behind their performance. *See id.* For that reason, "we commonly assume a assume a strategic motive if any can be imagined and find counsel's performance

deficient only if the conduct was so outrageous that no competent attorney would have engaged in it." *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).

Under the second prong, an appellant must show that counsel's performance prejudiced the defense such that there was a reasonable probability that, but for counsel's unprofessional errors, the outcome of the trial would have been different. *See Strickland*, 466 U.S. at 687. In order to show ineffective assistance of counsel where the defendant was unaware of a plea bargain offer or rejects it and thus is prejudiced by it, the defendant "must show a reasonable probability that: (1) he would have accepted the earlier offer if counsel had not given ineffective assistance; (2) the prosecution would not have withdrawn the offer; and (3) the trial court would not have refused to accept the plea bargain." *Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013).

## B. Analysis

For the first prong, White argues that the record supports his contention of ineffective assistance of counsel, citing the email exchange between his counsel and the assistant district attorney. White asserts that his counsel's performance fell below the objective standard of reasonableness because his counsel did not act on his desire to accept the plea bargain in a timely manner. However, White did not file a motion for a new trial due to ineffective assistance of counsel. Because he did not move for a new trial, his counsel was not given an opportunity to explain any reasoning behind his conduct. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).

Moreover, the record does not affirmatively demonstrate that his counsel's performance was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). The only evidence in

4

the record to support White's allegation of ineffective assistance of counsel is the e-mail from the assistant district attorney directed to White's counsel. The e-mail mentioned that White's counsel attempted to contact the District Attorney, but it did not state for what purpose; the e-mail then explained that the plea bargain offer had already expired and that the State intended to proceed to a jury trial. We do not know when the offer was made, what the terms of the offer were, or when White allegedly informed his counsel of his desire to accept the offer. Because the record does not affirmatively demonstrate the alleged ineffectiveness of White's counsel and his counsel was not afforded an opportunity to explain his actions, White has not overcome the strong presumption that his counsel provided reasonable assistance. *See Mallett*, 65 S.W.3d at 63; *Thompson*, 9 S.W.3d at 813–14; *Chavero v. State*, 36 S.W.3d 688, 701 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.).

We could conceive that White's counsel's strategy was to seek a lesser sentence from a jury trial as compared to the sentence the State offered in its plea bargain. *See Andrews*, 159 S.W.3d at 103 (Tex. Crim. App. 2005). Thus, White's counsel was within the range of professional norms. *See id.* Since we conclude that White failed on the first prong, we do not need to analyze the second prong. *See Mata v. State*, 226 S.W.3d 425, 433 (Tex. Crim. App. 2007) (finding it unnecessary to address the second *Strickland* prong if the first prong has clearly not been met); *see also* TEX. R. APP. P. 47.1. Therefore, we conclude that White was unable to establish that his counsel's performance was deficient and that he was prejudiced due to his counsel's erroneous advice. *See Strickland*, 466 U.S. at 687. We overrule his sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
18th day of July, 2019.