**Affirmed and Memorandum Opinion filed March 17, 2015.**



In The

# Fourteenth Court of Appeals

NO. 14-14-00003-CR
NO. 14-14-00004-CR
NO. 14-14-00005-CR

## OCTAVIANO ISRALEL SANCHEZ, Appellant

### V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause Nos. 1376038, 1376039 and 1376040**

## M E M O R A N D U M   O P I N I O N

Appellant pled guilty without an agreed recommendation as to punishment to the offenses of possession of a firearm as a felon (trial court cause number 1376038, appeal number 14-14-00003-CR); possession with intent to deliver a controlled substance, hydrocodone (trial court cause number 1376039, appeal number 14-14-00004-CR); possession with intent to deliver a controlled substance,

cocaine (trial court cause number 1376040, appeal number 14-14-00005-CR). The trial court sentenced appellant to confinement for ten years for the offense of possession of a firearm as a felon. In each possession with intent to deliver a controlled substance case, the trial court made an affirmative finding of a deadly weapon and sentenced appellant to confinement for twenty years. The sentences were ordered to run concurrently.

Appellant timely filed a motion for new trial. A hearing was held but the trial court denied appellant's request for an evidentiary hearing. Accordingly, the evidence before the trial court was appellant's affidavit and exhibits and an affidavit by defense counsel that was ordered filed by the trial court. The trial court denied appellant's motion for new trial.

The appeal raises five issues: (1) the trial court abused her discretion by failing to grant appellant's motion for new trial; (2) the trial court abused her discretion by refusing to grant appellant's request for an evidentiary hearing; (3) the trial court failed to admonish appellant on the ranges of punishment for two of the offenses; (4) appellant's guilty pleas to those offenses were involuntary due to the failure to admonish; and (5) the evidence is legally insufficient to support the affirmative finding of use of a deadly weapon in both offenses of possession with intent to deliver. We affirm.

## DENIAL OF MOTION FOR NEW TRIAL

Appellant's first issue claims the trial court erred in denying his motion for new trial based on his claim of ineffective assistance. Appellant complains of three acts or omissions: (1) counsel's failure to adequately advise him of the terms of a plea bargain offer; (2) counsel's advice to plead guilty; and (3) an undisclosed conflict of interest.

A trial court's ruling denying a defendant's motion for new trial is reviewed under an abuse of discretion standard. *Salazar v. State*, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001). The reviewing court does not substitute its judgment for that of the trial court, but rather decides whether the trial court's decision is so arbitrary or unreasonable as to warrant reversal. *Id.* at 148. "The trial court, as the finder of fact on a motion for new trial, retains the prerogative to believe or disbelieve any evidence the probativeness of which depends on the credibility of its source." *Odelugo v. State*, 443 S.W.3d 131, 138 (Tex. Crim. App. 2014). The ruling of the trial court is presumed to be correct, and the burden rests on the appellant to establish the contrary. *Jensen v. State*, 66 S.W.3d 528, 545 (Tex. App.—Houston [14th Dist.] 2002, pet ref'd).

## I.     Terms of plea bargain

Appellant's affidavit states that counsel informed him as follows:

> On July 19, 2013, he told me that the prosecutor was offering 12 years in prison. He told me that the prosecutor would make a lower plea bargain offer as the case came closer to going to trial and that we need to wait. I asked him to go back and ask them if they would agree not to make an affirmative finding of a deadly weapon. He never came back again to the holdover area to talk with me. I did not know that this was a one-time offer that would not be re-offered."

Counsel's affidavit does not address the plea offer. The record contains a re-set form, signed by appellant, stating "The State and Defense agree as follows: [defendant] has rejected 12 TDC will not be re-offered." Appellant's affidavit does not state that he would have accepted the State's offer of 12 years, or that he would have accepted the plea offer but for counsel's failure to inform him whether the State would agree not to seek a deadly weapon finding or that this was the final offer.

"[T]o establish prejudice in a claim of ineffective assistance of counsel in which a defendant is not made aware of a plea-bargain offer, or rejects a plea-bargain because of bad legal advice, the applicant must show a reasonable probability that: (1) he would have accepted the earlier offer if counsel had not given ineffective assistance; (2) the prosecution would not have withdrawn the offer; and (3) the trial court would not have refused to accept the plea bargain." *Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013). *See also Adekeye v. State*, 437 S.W.3d 62, 74 (Tex. App.—Houston [14th Dist.] 2014, pet. filed) (appellant made no assertion that he would have accepted the plea bargain had counsel not given faulty advice). Absent any evidence that appellant would have accepted the State's offer, we cannot say the trial court erred in refusing to grant a new trial on the grounds counsel was ineffective for failing to adequately advise appellant of the terms of the plea bargain offer.

## II. Advice to plead guilty

Counsel's affidavit does not address any advice to appellant on entering a plea of guilty. In his affidavit, appellant claims:

> [M]y attorney told me that I needed to plead guilty and that the Judge was going to give me between eight and ten years in prison and that there would not be a deadly weapon finding. He informed me that my co-defendant received 10 years in prison without a deadly weapon finding. I would not have pled guilty but for my attorney telling me that I would receive between eight to ten years in prison and that there would not be a deadly weapon finding.

At the hearing on appellant's motion for new trial, the trial judge stated " . . . I do have personal recollection of this case and Mr. Sanchez, and the fact that it was a plea without an agreed recommendation. He was admonished as to the range of punishment when I took the plea. So, he was certainly made aware of the ranges

of punishment in each of those three cases."

Because appellant did receive ten years for the offense of possession of a weapon as a felon, which is within the range of punishment alleged to have been advised by his attorney, appellant's claim that he would have not entered a plea of guilty but for counsel's advice fails as to that offense.

As to the other two offenses, for which appellant received twenty-year sentences, the records contain written admonishments signed by appellant. The written admonishments for the first-degree felony offense of possession with intent to deliver hyrdrocodone reflect that appellant initialed the admonishment for a first-degree, second-degree, and third-degree felony, but there is a mark across these and all other admonishments regarding range of punishment. At the end of the admonishments regarding range of punishment is the following, in brackets but without appellant's initials, "Other: 10 years – 99 years or life TDC." For the first-degree felony offense of possession with intent to deliver cocaine, the record reflects the admonishment for a first-degree felony is initialed by appellant and a mark is drawn around the entire admonishment. In both cases of possession with intent to deliver, appellant's signed judicial confessions state he used a deadly weapon during the commission of the offenses.

In light of the record as a whole, we hold the trial court's denial of appellant's motion for new trial on the grounds that counsel rendered ineffective assistance by advising him to plead guilty was not arbitrary or unreasonable.

## III. Conflict of interest

Counsel's affidavit states that he represented Elena Estrada from August 3, 2012, until October 9, 2012. Counsel began representing appellant March 6, 2013. According to counsel, appellant told him that he thought Estrada was the

confidential informant on his case. Counsel did not confirm whether or not this was true. Counsel averred that "I do feel that it was a conflict of interest now that I know. . ." Counsel stated that appellant never waived any conflict of interest.

Appellant claims in his affidavit:

> I did not waive any conflict of interest regarding my attorney's prior representation of Elena Estrada. My attorney never informed me that there was a conflict of interest and how it could affect my case. My attorney informed me that Elena Estrada was the confidential informant. He told me that he knew this because he represented her and she told him that she wanted to give the State information on me to get her cases dismissed. My attorney and I never discussed how this was a conflict of interest, I would not have waived the conflict of interest if I had been advised of it. I would not have retained [counsel] or kept [counsel] as my attorney if I had been fully informed of how this was a conflict of interest.

To establish ineffective assistance of counsel due to a conflict of interest, the defendant must show by a preponderance of the evidence that his trial counsel had an actual conflict of interest and that the conflict actually colored counsel's actions during trial. *Odelugo v. State*, 443 S.W.3d 131, 136 (Tex. Crim. App. 2014). An actual conflict of interest exists if counsel is required to make a choice between advancing his client's interest or advancing other interests to the detriment of his client. *Id.* To prove adverse effect, a defendant does not have to show that the conflict of interest changed the outcome of the trial. *Gaston v. State*, 136 S.W.3d 315 (Tex. App. – Houston [1st Dist.] 2004, pet. struck.). Rather, it is necessary to demonstrate only that some plausible defense strategy or tactic might have been pursued but was not because of the conflict of interest. *Id.*

The record does not reflect what counsel's representation of Estrada entailed. Neither affidavit alleges or reflects that counsel's prior representation of

6

Estrada had any impact on appellant. Counsel had withdrawn from representing Estrada before she entered into an agreement for dismissal of the charges against her in exchange for information against appellant. The record reflects her charges were dismissed February 11, 2013, before counsel began representing appellant. Counsel did not represent Estrada and appellant simultaneously and there is no evidence that counsel's previous representation of Estrada affected his representation of appellant. *See Charleston v. State*, 33 S.W.3d 96, 101 (Tex.App.—Texarkana 2000, pet. ref'd).

Appellant argues that counsel could have pursued a strategy of attacking the search warrant. He posits that counsel had to choose between what was best for him — investigating the validity of the search warrant and the credibility of Estrada's statements to police — and what was best for Estrada — protecting client confidentiality and not interfering with the dismissal of Estrada's pending cases. Even if we agreed this was a plausible strategy that might have been pursued, there is nothing in the record to suggest counsel did not pursue it because of his representation of Estrada. According to his affidavit, counsel was not aware Estrada was the confidential informant but only knew appellant suspected it was her. The trial court, as the finder of fact on a motion for new trial, was free to accept counsel's affidavit as true and reject appellant's affidavit. *See Odelugo*, 443 S.W.3d at 138.

We hold appellant did not establish by a preponderance of the evidence that a conflict existed that actually colored counsel's actions. Accordingly, the record does not establish the trial court abused its discretion by denying the motion for new trial on the grounds that counsel was ineffective due to a conflict of interest.

Because appellant has not shown the trial court's decision to deny his motion for new trial on any of the grounds of ineffective assistance of counsel is

arbitrary or unreasonable so as to warrant reversal, appellant's first issue is overruled.

## HEARING ON MOTION FOR NEW TRIAL

In his second issue, appellant challenges the trial court's failure to hold an evidentiary hearing on his motion for new trial. Appellant argues his claim of ineffective assistance of counsel on the three grounds discussed above entitled him to an evidentiary hearing.

A trial court's ruling on whether to grant a hearing on a motion for new trial is reviewed under an abuse of discretion standard. *Chapa v. State*, 407 S.W.3d 428, 431 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009)). We will reverse only when the trial court's decision lies outside the zone of reasonable disagreement. *Id.* The trial court abuses its discretion in failing to hold an evidentiary hearing when an accused presents a motion for new trial raising matters not determinable from the record upon which the accused could be entitled to relief. *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). An affidavit that states only conclusory allegations without supporting facts fails the showing required and is insufficient to warrant an evidentiary hearing on the motion for new trial. *See Jordan v. State*, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994).

As a prerequisite to a hearing, the motion must be supported by an affidavit specifically setting out a sufficient factual basis for the claims made. *Chapa*, 407 S.W.3d at 431. It is not necessary that the affidavit establish a prima facie case, but it must at least contain facts showing reasonable grounds to believe that the defendant could prevail under both prongs of the test for ineffective assistance of counsel. *Id*. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

8

Appellant's first ground of ineffective assistance concerns the plea offer. Because appellant's affidavit does not claim that he would have accepted the offer, he would not be entitled to relief on that basis.

Appellant's second ground of ineffective assistance is based upon counsel's alleged promise of a lighter sentence than was received in the two cases for possession with intent to deliver. As discussed above, the record contains evidence that appellant was aware of the correct range of punishment. The trial court recalled that appellant was admonished as to the range of punishment when his plea was taken and he was made aware of the range of punishment in all three cases. Appellant's judicial confession in both possession cases included use of a deadly weapon. Accordingly, appellant would not be entitled to relief on this ground.

As to appellant's third ground of ineffective assistance, conflict of interest, the trial court had affidavits from appellant and counsel. Appellant's affidavit alleged counsel told him that he knew Estrada was the informant and Estrada wanted to inform on him to get her cases dismissed. Appellant argues that counsel could have attacked the search warrant through Estrada but chose not to because of client confidentiality. This theory is contradicted by counsel's affidavit stating that he was unaware Estrada was the confidential informant. Counsel's representation of Estrada ended five months before he began representing appellant and Estrada's cases already had been dismissed. We therefore hold the matter is determinable from the record.

For the reasons set forth above, the trial court's decision to forego an evidentiary hearing was not outside the zone of reasonable disagreement. *Id.* We overrule appellant's second issue.

9

## ADMONISHMENTS ON RANGE OF PUNISHMENT

Appellant's third issue asserts that he was not admonished regarding the range of punishment for the offenses of possession of a firearm as a felon and possession with intent to deliver hydrocodone. Appellant's fourth issue argues that the failure to duly admonish him on the range of punishment for those offenses rendered his pleas of guilty involuntary.

Substantial compliance with the requirements of article 26.13 is sufficient unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed. Tex. Code Crim. Proc. Ann. art. 26.13(c). A total failure to deliver a required admonishment is not substantially compliant and is, therefore, error; however, such a failure is subject to a harmless-error analysis under rule 44.2(b) as non-constitutional error. Tex. R. App. P. 44.2(b); *Bessey v. State*, 239 S.W.3d 809, 813 (Tex. Crim. App. 2007); *Aguirre–Mata v. State*, 125 S.W.3d 473, 473, 475–76 (Tex. Crim. App. 2003); *High v. State*, 964 S.W.2d 637, 638 (Tex. Crim. App. 1998). "[T]o warrant a reversal on direct appeal, the record must support an inference that appellant did not know the consequences of his plea." *Burnett v. State*, 88 S.W.3d 633, 638 (Tex. Crim. App. 2002). We must determine independently whether the trial court's failure, if any, to admonish the defendant materially affected his decision to plead guilty and, thus, affected his substantial rights. *See id.* at 639. Neither the defendant nor the State bears any burden of proof on this issue. *See VanNortrick v. State*, 227 S.W.3d 706, 709 (Tex. Crim. App. 2007).

No record was taken of the plea hearing. At the hearing on appellant's motion for new trial, the trial judge stated on the record that ". . . I do have personal recollection of this case and Mr. Sanchez, and the fact that it was a plea without an agreed recommendation. He was admonished as to the range of

punishment when I took the plea. So, he was certainly made aware of the ranges of punishment in each of those three cases."

The record for the third-degree felony offense of possession of a weapon as a felon contains written admonishments that include the admonishment for a third-degree felony. Although appellant did not initial that admonishment, it is circled by hand. An "X" is drawn over all of the other admonishments regarding range of punishment, although appellant initialed some of those admonishments. The only range of punishment not crossed out is that for a third-degree felony. The admonishments are signed by appellant.

The record for the first-degree felony offense of possession with intent to deliver hyrdrocodone similarly contains written admonishments signed by appellant. In that case, appellant initialed the admonishments for a first-degree, second-degree, and third-degree felony, but there is a mark across those admonishments and all the other admonishments regarding range of punishment. At the end of the admonishments regarding range of punishment is the following, in brackets but without appellant's initials, "Other: 10 years – 99 years or life TDC."

The record before this court as a whole does not affirmatively show that appellant was unaware of the range of punishment for the offenses of possession of a firearm as a felon and possession with intent to deliver hydrocodone. The record therefore does not support appellant's claim that his plea was involuntary on that basis. We overrule appellant's third and fourth issues.

## DEADLY WEAPON FINDING

In his final issue, appellant claims the evidence is legally insufficient to support the finding a deadly weapon was used in both offenses of possession with intent to deliver (trial court cause numbers 1376039 and 1376040). The records reflect that the indictments in both cases alleged use of a deadly weapon. Appellant's judicial confessions include use of a deadly weapon in both cases.

A stipulation of evidence or judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea so long as it establishes every element of the offense charged. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). Accordingly, we hold the evidence is sufficient to support the deadly weapon finding in both offenses for possession with intent to deliver. Issue five is overruled.

## CONCLUSION

Having overruled all of appellant's issues, we affirm the trial court's judgment in each case.


/s/    Martha Hill Jamison
Justice


Panel consists of Justices Jamison, Busby, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).

12