363-15    364-15    365-15

In The

Texas Court Of Criminal Appeals

Octaviano Israel Sanchez
Appellant

V.

The State Of Texas
Appellee

FILED IN
COURT OF CRIMINAL APPEALS

MAY 01 2015

Abel Acosta, Clerk

On Petition For Discretionary Review
From The Fourteenth Court Of Appeals
Harris County, Texas
Nos. 14-14-00003CR; 14-14-00004CR; 14-14-00005CR
Trial Ct Nos. 1376038; 1376039; 1376040

Petition For Discretionary
Review
PD-0365-15

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 29 2015

Abel Acosta, Clerk

Octaviano Israel Sanchez
TDCJ-CID 1885721
George Beto Unit
1391 FM 3328
Tennessee Colony, Texas
75880

Appellant In Pro-Se

# A. Table Of Contents

|  |  | Page |
|---|---|---|
| A. | Table Of Contents. | 1 |
| B. | Index To Authorities. | 1-A |
| C. | Statement Regarding Oral Argument. | 2 |
| D. | Statement Of The Case. | 3 |
| E. | Statement Of Procedural History. | 4 |
| F. | Grounds For Review. | 4- |
| G. | Argument. | 5-9 |
| H. | Prayer For Relief. | 9 |
| I. | Appendix. | 10 |
| J. | Certificate Of Service | 10 |

# B. Index To Authorities

| | Page |
|---|---|
| Riley v. State, 378 SW.3d 453 (Tex Crim App 2012), | 5 |
| Lopez v. State, 428 SW.3d 271, (Tex App - Houston 1st Dist 2014). | 5 |
| Wilkerson v. State, 726 SW.2d 524, (Tex. Crim. App 1986). | 5 |
| Strickland v. Washington, 466 U.S. 668 (1984), | 5 |
| Salazar v. State 38 SW.3d 141, (Tex. Crim. App. 2001) | 5 |
| Jensen v. State 66 SW.3d 528, (Tex. App. - Houston 14th Dist 2002) | 5 |
| Reyes v. State 849 SW.2d 812 (Tex Crim App 1993) | 6 |
| Chapa v. State 407 SW.3d 428, (Tex. App-Houston 14th Dist 2013) | 6 |
| Article 42.12, Tex. C. Crim. Proc. | 7 |
| Section 12.44 (A)(6), Tex. Pen. C. | 7 |
| Hughes v. State, 833 SW.2d 137 (Tex. Crim. App 1992) | 7 |
| Burnett v. State, 88 SW.3d 633 (Tex. Crim. App 2002) | 8 |
| Vannortrick v. State, 227 SW.3d 706 (Tex. Crim. App 2007) | 8 |
| Keller v. State, 125 SW.3d 600 (Tex App. - Houston 1st Dist 2003) | 8 |

## C. Statement Regarding Oral Argument

This is a Pro-Se Petition For Discretionary Review, And Oral Argument is hereby Waived.

# D. Statement Of The Case

On March 21-2013, Appellant was charged by indictment with Felon In Possession Of A Firearm Cause No. 1376038, Possession With Intent To Deliver A Controlled Substance In Cause No. 1376039, And Possession With Intent To Deliver A Controlled Substance In Cause No. 1376040. Appellant pled guilty without an agreed recommendation in Cause Nos. 1376038, 1376039, And 1376040 on September 23-2013.

Appellant timely filed a Motion For New Trial And Request For Evidentiary Hearing on October 23-2013.

The trial court Sentenced Appellant to ten (10) years in Cause No 1376038 for the offense of Felon In Possession Of A Weapon. Twenty (20) years in Cause No 1376039 for the offense of Possession With Intent To Deliver A Controlled Substance, with affirmative finding of a Deadly Weapon, and twenty (20) years in Cause 1376040 for the offense of Possession With Intent To Deliver A Controlled Substance with an affirmative finding of a Deadly Weapon.

Appellant filed a motion for new trial an request for evidentiary hearing on October 23-2013. The trial court signed an order of presentment on the motion. The trial court denied Appellant's motion's on December 6-2013. Appellant gave timely notice of appeal and the trial court's certification of defendant's right of appeal ensures Appellant has the Legal right to appeal.

3

## E. Statement Of Procedural History

The Fourteenth Court Of Appeals issued its Memorandum And Opinion, and Judgment on March 17-2015, Affirming Appellants Conviction. See Appendix.

## F. Grounds For Review

**Issue One:** Did the trial Court Abuse its discretion in refusing to grant Appellant's request for a new trial. pg. 2-7 OPINION.

**Issue Two:** Did the trial Court Abuse its discretion in denying Appellant's motion for An evidentiary hearing. pg. 8-9 OPINION.

**Issue Three:** Did the trial court fail to Admonish Appellant pursuant to Article 26.13 of the Texas Code Of Criminal Procedure regarding the range of punishment. pg. 10-11 OPINION.

**Issue Four:** Was the trial Courts failure to Admonish Appellant contrary to the Applicable range of punishment which rendered Appellants guilty plea involuntary, In Violation of Due-Process Clause of the 14th Amendment to the United States Constitution. Pg. 10-11 OPINION.

**Issue Five:** Does the record contain legally insufficient evidence to support the Affirmative of a deadly weapon. pg. 12 OPINION.

4

## G. Arguments

**Issue One:** Did the trial court abuse its discretion in refusing to grant Appellants request for new trial.

Appellant's claim was asserted and completely based upon ineffective assistance of counsel as seeking a new trial. However, the Court of Appeals failed at it's task to determine whether counsel was deficient. The Appeals courts decision was contrary to the holdings found in. <u>Riley V. State</u>, 378 S.W.3d 453, 457 (Tex. Crim. App 2012), <u>Lopez V. State</u> 428 S.W.3d 271, 278 (Tex App-Houston [1st Dist] 2014 pet ref'd). There can be no doubt that Appellant was entitled to reasonably effective counsel. <u>Wilkerson V. State</u>, 726 SW.2d 542 (Tex Crim App. 1986). By the Appeals court denying a new trial and finding counsel was deficient was contrary to the hold's found in <u>Strickland V. Washington</u>, 466 U.S. 668, 698 (1984).

The record within this cause is clearly supportive that the reviewing court failed to review the abuse of discretion under <u>Salazar V. State</u>, 38 SW.3d 141, 148 (Tex Crim App 2001) in this cause the courts decision was so arbitrary and unreasonable to warrant a reversal. Appellant has demonstrated the contrary rulings, that the trial court abuse its discretion in denying, the motion for New trial, as well as the Appeals court was also contrary to <u>Jensen V. State</u>, 66 S.W.3d 528, 545 (Tex. App-Houston 14th Dist 2002 pet ref'd)

For the reasons set forth the Court of Appeals erred and this ground should be reversed and remanded for a new trial.

5

**Issue Two:** Did the trial Court abuse its discretion in Appellants motion for an evidentiary hearing.

Because Appellant's motion for new trial was supported by a sworn affidavit, which raised matters outside of the record and was also timely filed and presented to the trial court, thus Appellant was entitled to an evidentiary hearing. The Court of Appeals rulings was contrary to the holdings found in **Beyes V. State** 849 S.W. 2d 812, 816 (Tex Crim. App 1993), which held failing to hold an evidentiary hearing when an accused person presents matters not determinable from the record upon which the accused would then be entitled to relief. Here, the Court only stated in it's opinion that Appellant's affidavit only stated conolusory allegations without supporting facts to warrant an evidentiary hearing. Appellant's affidavit raised matters outside of the record (silent record). Thus, there was not insufficient evidence as the Court of Appeals held in its opinion. As clearly held in **Chapp V. State** 407 S.W. 3d 428 at 431, (Tex. App. Houston [14th Dist] 2013 No pet). Appellant's affidavit and his motion for a new trial did specifically set out factual basis for his claims being made as a prerequisite to a hearing. However, the Appeals courts decision was contrary to law. For the reasons set forth above, this issue should not have been denied.

**Issue Three: Issue Four:** Did the trial Court fail to admonish Appellant pursuant to Article 26.13 of the Texas Code of Criminal Procedure regarding the range of punishment.

6

Appellants argument was supported clearly by the record, and reveals that there is no transcript from the guilty plea. There are only written admonishments, which completely fail to comply with the dictates of Article 26.13 of the Texas Code of Criminal Procedure.

The only evidence in the record what so ever that the punishment ranges were communicated to Appellant occurred during a brief hearing conducted on the motion for new trial, Not the guilty plea its self.

The written admonishment's in Cause No. 137-6030 the record supports that he initialed by the punishment's of the following for; 1) Habitual Sex Offender, 2). Habitual Offender, 3) First Degree Felony, 4) Second Degree Felony, 5) State Jail Felony with Deadly Weapon Finding, 6) State Jail Felony with a Prior Conviction for a 3 G Offense under Article 42.12 Code of Criminal Procedure, 7) A State Jail Felony with Two State Jail Felony Convictions, 8) A State Jail Felony And Sentence under Section 12.44(a) Texas Code of Criminal Procedure, 9) A State Jail Felony and Sentence Under 12.44.b.

However, whats so unusual about the record and written admonishments is Appellant did not initial by the punishment range Applicable in this case of a third degree. It is overly clear the ruling's of both the trial court and court of Appeals were contrary to Hughes v. State, 833 S.W.2d 137, 140 (Tex. Crim. App. 1992 enbanc). As supported by the record the court failed to fully admonish the Appellant. It is evident the court of Appeals closed their eye's to the substantial compliance and requirements of Article 26.13, the Appellant sufficiently and affirmatively showed that he was not aware of the actual consequences

7.

of his plea, and such had misled him and harmed him, as he could not have known the punishment range or make a voluntary choice to decide to go to jury trial or enter a plea. The Court of Appeals holdings were contrary to the rulings found in Burnett v State, 88? S.W.3d 633, 639 (Tex. Crim. App. 2002). See also Vannortrick v. State 227 S.W.3d 706, 709 (Tex. Crim. App 2007). Appellants substantial rights were affected and inference could be drawn from the record that he did not know the consequences of the plea. Such supported by the factual record Appellants claim that his plea was involuntary and the rulings by the trial Court and Court of Appeals were contrary and should be reversed.

Issue Five: Does the record contain legally insufficient evidence to support the affirmative finding of a deadly weapon in case nos 1376039, 1376040.

The Court of Appeals failed to review the evidence in light most favorable to the finding as well as failed to determine whether any rational trier of fact could have been found beyond a reasonable doubt that the Appellant actually used or exhibited a deadly weapon. The reviewing Court depending upon the Judicial Confession to support the affirmative finding was contrary to Keller v. State, 125 S.W 3d 600 (Tex. App.- Houston [1st Dist] 2003 pet dismissed). The Court failed to take into the fact that the Appellant's Judicial confession was suspect of being involuntary and unknowingly signed and was the product of ineffective assistance of counsel.

Viewing the evidence of this case and

8

facts are contrary to the verdict and no rational trier of fact could have been found that Appellant used or exhibited a deadly weapon. Moreover, the Appeals Court failed to take into light that Appellant continued to assert throughout his guilty plea and motion for new trial and in his affidavit that he was informed by his counsel that the deadly weapon would not be found as affirmative finding that he used or exhibited such by the trial court. This claim should be reversed.

## H. Prayer For Relief

For these reasons, Appellant respectfully prays that this Honorable Court reverse the Court of Appeals Judgment and Opinion and remand the case back to the district court for a new trial.

Dated This 25th Day of April 2015

Respectfully

Octaviano Sanchez

Octaviano I. Sanchez
TDCI-CID # 1885721
George Beto Unit
1391 FM 3328
Tennessee Colony, Texas
75880

## I. Appendix

Memorandum Opinion, filed March 17-2015 As attached.

## I. Certificate Of Service

I certify that a copy of this Petition for Discretionary Review has been mailed by U.S mail from the George Beto Units mail System upon the following on this day Of, April 25- 2015.

Harris County District Attorney's Office, Appellate Section Clinton A. Morgan 1201 Franklin Suite 600 Houston, Texas 77002

Texas Court Of Criminal Appeals Abel Acosta, Clerk P.O. Box 12308 Capitol Station, Austin, Texas 78711

Respectfully Submitted

Octaviano Sanchez

Octaviano I. Sanchez TDCJ- CID 1885721 George Beto Unit 1391 FM 3328 Tennessee Colony, Texas 75880

10



In The

# Fourteenth Court of Appeals

---

NO. 14-14-00003-CR
NO. 14-14-00004-CR
NO. 14-14-00005-CR

---

## OCTAVIANO ISRALEL SANCHEZ, Appellant

### V.

## THE STATE OF TEXAS, Appellee

---

On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause Nos. 1376038, 1376039 and 1376040

---

## MEMORANDUM OPINION

Appellant pled guilty without an agreed recommendation as to punishment to the offenses of possession of a firearm as a felon (trial court cause number 1376038, appeal number 14-14-00003-CR); possession with intent to deliver a controlled substance, hydrocodone (trial court cause number 1376039, appeal number 14-14-00004-CR); possession with intent to deliver a controlled substance,

cocaine (trial court cause number 1376040, appeal number 14-14-00005-CR). The trial court sentenced appellant to confinement for ten years for the offense of possession of a firearm as a felon. In each possession with intent to deliver a controlled substance case, the trial court made an affirmative finding of a deadly weapon and sentenced appellant to confinement for twenty years. The sentences were ordered to run concurrently.

Appellant timely filed a motion for new trial. A hearing was held but the trial court denied appellant's request for an evidentiary hearing. Accordingly, the evidence before the trial court was appellant's affidavit and exhibits and an affidavit by defense counsel that was ordered filed by the trial court. The trial court denied appellant's motion for new trial.

The appeal raises five issues: (1) the trial court abused her discretion by failing to grant appellant's motion for new trial; (2) the trial court abused her discretion by refusing to grant appellant's request for an evidentiary hearing; (3) the trial court failed to admonish appellant on the ranges of punishment for two of the offenses; (4) appellant's guilty pleas to those offenses were involuntary due to the failure to admonish; and (5) the evidence is legally insufficient to support the affirmative finding of use of a deadly weapon in both offenses of possession with intent to deliver. We affirm.

## DENIAL OF MOTION FOR NEW TRIAL

Appellant's first issue claims the trial court erred in denying his motion for new trial based on his claim of ineffective assistance. Appellant complains of three acts or omissions: (1) counsel's failure to adequately advise him of the terms of a plea bargain offer; (2) counsel's advice to plead guilty; and (3) an undisclosed conflict of interest.

2

A trial court's ruling denying a defendant's motion for new trial is reviewed under an abuse of discretion standard. *Salazar v. State*, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001). The reviewing court does not substitute its judgment for that of the trial court, but rather decides whether the trial court's decision is so arbitrary or unreasonable as to warrant reversal. *Id.* at 148. "The trial court, as the finder of fact on a motion for new trial, retains the prerogative to believe or disbelieve any evidence the probativeness of which depends on the credibility of its source." *Odelugo v. State*, 443 S.W.3d 131, 138 (Tex. Crim. App. 2014). The ruling of the trial court is presumed to be correct, and the burden rests on the appellant to establish the contrary. *Jensen v. State*, 66 S.W.3d 528, 545 (Tex. App.—Houston [14th Dist.] 2002, pet ref'd).

## I.  Terms of plea bargain

Appellant's affidavit states that counsel informed him as follows:

> On July 19, 2013, he told me that the prosecutor was offering 12 years in prison. He told me that the prosecutor would make a lower plea bargain offer as the case came closer to going to trial and that we need to wait. I asked him to go back and ask them if they would agree not to make an affirmative finding of a deadly weapon. He never came back again to the holdover area to talk with me. I did not know that this was a one-time offer that would not be re-offered."

Counsel's affidavit does not address the plea offer. The record contains a re-set form, signed by appellant, stating "The State and Defense agree as follows: [defendant] has rejected 12 TDC will not be re-offered." Appellant's affidavit does not state that he would have accepted the State's offer of 12 years, or that he would have accepted the plea offer but for counsel's failure to inform him whether the State would agree not to seek a deadly weapon finding or that this was the final offer.

3

"[T]o establish prejudice in a claim of ineffective assistance of counsel in which a defendant is not made aware of a plea-bargain offer, or rejects a plea-bargain because of bad legal advice, the applicant must show a reasonable probability that: (1) he would have accepted the earlier offer if counsel had not given ineffective assistance; (2) the prosecution would not have withdrawn the offer; and (3) the trial court would not have refused to accept the plea bargain." *Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013). *See also Adekeye v. State*, 437 S.W.3d 62, 74 (Tex. App.—Houston [14th Dist.] 2014, pet. filed) (appellant made no assertion that he would have accepted the plea bargain had counsel not given faulty advice). Absent any evidence that appellant would have accepted the State's offer, we cannot say the trial court erred in refusing to grant a new trial on the grounds counsel was ineffective for failing to adequately advise appellant of the terms of the plea bargain offer.

## II. Advice to plead guilty

Counsel's affidavit does not address any advice to appellant on entering a plea of guilty. In his affidavit, appellant claims:

> [M]y attorney told me that I needed to plead guilty and that the Judge was going to give me between eight and ten years in prison and that there would not be a deadly weapon finding. He informed me that my co-defendant received 10 years in prison without a deadly weapon finding. I would not have pled guilty but for my attorney telling me that I would receive between eight to ten years in prison and that there would not be a deadly weapon finding.

At the hearing on appellant's motion for new trial, the trial judge stated " . . . I do have personal recollection of this case and Mr. Sanchez, and the fact that it was a plea without an agreed recommendation. He was admonished as to the range of punishment when I took the plea. So, he was certainly made aware of the ranges

4

of punishment in each of those three cases."

Because appellant did receive ten years for the offense of possession of a weapon as a felon, which is within the range of punishment alleged to have been advised by his attorney, appellant's claim that he would have not entered a plea of guilty but for counsel's advice fails as to that offense.

As to the other two offenses, for which appellant received twenty-year sentences, the records contain written admonishments signed by appellant. The written admonishments for the first-degree felony offense of possession with intent to deliver hyrdrocodone reflect that appellant initialed the admonishment for a first-degree, second-degree, and third-degree felony, but there is a mark across these and all other admonishments regarding range of punishment. At the end of the admonishments regarding range of punishment is the following, in brackets but without appellant's initials, "Other: 10 years – 99 years or life TDC." For the first-degree felony offense of possession with intent to deliver cocaine, the record reflects the admonishment for a first-degree felony is initialed by appellant and a mark is drawn around the entire admonishment. In both cases of possession with intent to deliver, appellant's signed judicial confessions state he used a deadly weapon during the commission of the offenses.

In light of the record as a whole, we hold the trial court's denial of appellant's motion for new trial on the grounds that counsel rendered ineffective assistance by advising him to plead guilty was not arbitrary or unreasonable.

## III. Conflict of interest

Counsel's affidavit states that he represented Elena Estrada from August 3, 2012, until October 9, 2012. Counsel began representing appellant March 6, 2013. According to counsel, appellant told him that he thought Estrada was the

confidential informant on his case. Counsel did not confirm whether or not this was true. Counsel averred that "I do feel that it was a conflict of interest now that I know. . ." Counsel stated that appellant never waived any conflict of interest.

Appellant claims in his affidavit:

> I did not waive any conflict of interest regarding my attorney's prior representation of Elena Estrada. My attorney never informed me that there was a conflict of interest and how it could affect my case. My attorney informed me that Elena Estrada was the confidential informant. He told me that he knew this because he represented her and she told him that she wanted to give the State information on me to get her cases dismissed. My attorney and I never discussed how this was a conflict of interest, I would not have waived the conflict of interest if I had been advised of it. I would not have retained [counsel] or kept [counsel] as my attorney if I had been fully informed of how this was a conflict of interest.

To establish ineffective assistance of counsel due to a conflict of interest, the defendant must show by a preponderance of the evidence that his trial counsel had an actual conflict of interest and that the conflict actually colored counsel's actions during trial. *Odelugo v. State*, 443 S.W.3d 131, 136 (Tex. Crim. App. 2014). An actual conflict of interest exists if counsel is required to make a choice between advancing his client's interest or advancing other interests to the detriment of his client. *Id.* To prove adverse effect, a defendant does not have to show that the conflict of interest changed the outcome of the trial. *Gaston v. State*, 136 S.W.3d 315 (Tex. App. – Houston [1st Dist.] 2004, pet. struck.). Rather, it is necessary to demonstrate only that some plausible defense strategy or tactic might have been pursued but was not because of the conflict of interest. *Id.*

The record does not reflect what counsel's representation of Estrada entailed. Neither affidavit alleges or reflects that counsel's prior representation of

6

Estrada had any impact on appellant. Counsel had withdrawn from representing Estrada before she entered into an agreement for dismissal of the charges against her in exchange for information against appellant. The record reflects her charges were dismissed February 11, 2013, before counsel began representing appellant. Counsel did not represent Estrada and appellant simultaneously and there is no evidence that counsel's previous representation of Estrada affected his representation of appellant. *See Charleston v. State*, 33 S.W.3d 96, 101 (Tex.App.—Texarkana 2000, pet. ref'd).

Appellant argues that counsel could have pursued a strategy of attacking the search warrant. He posits that counsel had to choose between what was best for him — investigating the validity of the search warrant and the credibility of Estrada's statements to police — and what was best for Estrada — protecting client confidentiality and not interfering with the dismissal of Estrada's pending cases. Even if we agreed this was a plausible strategy that might have been pursued, there is nothing in the record to suggest counsel did not pursue it because of his representation of Estrada. According to his affidavit, counsel was not aware Estrada was the confidential informant but only knew appellant suspected it was her. The trial court, as the finder of fact on a motion for new trial, was free to accept counsel's affidavit as true and reject appellant's affidavit. *See Odelugo*, 443 S.W.3d at 138.

We hold appellant did not establish by a preponderance of the evidence that a conflict existed that actually colored counsel's actions. Accordingly, the record does not establish the trial court abused its discretion by denying the motion for new trial on the grounds that counsel was ineffective due to a conflict of interest.

Because appellant has not shown the trial court's decision to deny his motion for new trial on any of the grounds of ineffective assistance of counsel is

7

arbitrary or unreasonable so as to warrant reversal, appellant's first issue is overruled.

## HEARING ON MOTION FOR NEW TRIAL

In his second issue, appellant challenges the trial court's failure to hold an evidentiary hearing on his motion for new trial. Appellant argues his claim of ineffective assistance of counsel on the three grounds discussed above entitled him to an evidentiary hearing.

A trial court's ruling on whether to grant a hearing on a motion for new trial is reviewed under an abuse of discretion standard. *Chapa v. State*, 407 S.W.3d 428, 431 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009)). We will reverse only when the trial court's decision lies outside the zone of reasonable disagreement. *Id.* The trial court abuses its discretion in failing to hold an evidentiary hearing when an accused presents a motion for new trial raising matters not determinable from the record upon which the accused could be entitled to relief. *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). An affidavit that states only conclusory allegations without supporting facts fails the showing required and is insufficient to warrant an evidentiary hearing on the motion for new trial. *See Jordan v. State*, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994).

As a prerequisite to a hearing, the motion must be supported by an affidavit specifically setting out a sufficient factual basis for the claims made. *Chapa*, 407 S.W.3d at 431. It is not necessary that the affidavit establish a prima facie case, but it must at least contain facts showing reasonable grounds to believe that the defendant could prevail under both prongs of the test for ineffective assistance of counsel. *Id. See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

8

Appellant's first ground of ineffective assistance concerns the plea offer. Because appellant's affidavit does not claim that he would have accepted the offer, he would not be entitled to relief on that basis.

Appellant's second ground of ineffective assistance is based upon counsel's alleged promise of a lighter sentence than was received in the two cases for possession with intent to deliver. As discussed above, the record contains evidence that appellant was aware of the correct range of punishment. The trial court recalled that appellant was admonished as to the range of punishment when his plea was taken and he was made aware of the range of punishment in all three cases. Appellant's judicial confession in both possession cases included use of a deadly weapon. Accordingly, appellant would not be entitled to relief on this ground.

As to appellant's third ground of ineffective assistance, conflict of interest, the trial court had affidavits from appellant and counsel. Appellant's affidavit alleged counsel told him that he knew Estrada was the informant and Estrada wanted to inform on him to get her cases dismissed. Appellant argues that counsel could have attacked the search warrant through Estrada but chose not to because of client confidentiality. This theory is contradicted by counsel's affidavit stating that he was unaware Estrada was the confidential informant. Counsel's representation of Estrada ended five months before he began representing appellant and Estrada's cases already had been dismissed. We therefore hold the matter is determinable from the record.

For the reasons set forth above, the trial court's decision to forego an evidentiary hearing was not outside the zone of reasonable disagreement. *Id.* We overrule appellant's second issue.

## ADMONISHMENTS ON RANGE OF PUNISHMENT

Appellant's third issue asserts that he was not admonished regarding the range of punishment for the offenses of possession of a firearm as a felon and possession with intent to deliver hydrocodone. Appellant's fourth issue argues that the failure to duly admonish him on the range of punishment for those offenses rendered his pleas of guilty involuntary.

Substantial compliance with the requirements of article 26.13 is sufficient unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed. Tex. Code Crim. Proc. Ann. art. 26.13(c). A total failure to deliver a required admonishment is not substantially compliant and is, therefore, error; however, such a failure is subject to a harmless-error analysis under rule 44.2(b) as non-constitutional error. Tex. R. App. P. 44.2(b); *Bessey v. State*, 239 S.W.3d 809, 813 (Tex. Crim. App. 2007); *Aguirre–Mata v. State*, 125 S.W.3d 473, 473, 475–76 (Tex. Crim. App. 2003); *High v. State*, 964 S.W.2d 637, 638 (Tex. Crim. App. 1998). "[T]o warrant a reversal on direct appeal, the record must support an inference that appellant did not know the consequences of his plea." *Burnett v. State*, 88 S.W.3d 633, 638 (Tex. Crim. App. 2002). We must determine independently whether the trial court's failure, if any, to admonish the defendant materially affected his decision to plead guilty and, thus, affected his substantial rights. *See id.* at 639. Neither the defendant nor the State bears any burden of proof on this issue. *See VanNortrick v. State*, 227 S.W.3d 706, 709 (Tex. Crim. App. 2007).

No record was taken of the plea hearing. At the hearing on appellant's motion for new trial, the trial judge stated on the record that ". . . I do have personal recollection of this case and Mr. Sanchez, and the fact that it was a plea without an agreed recommendation. He was admonished as to the range of

punishment when I took the plea. So, he was certainly made aware of the ranges of punishment in each of those three cases."

The record for the third-degree felony offense of possession of a weapon as a felon contains written admonishments that include the admonishment for a third-degree felony. Although appellant did not initial that admonishment, it is circled by hand. An "X" is drawn over all of the other admonishments regarding range of punishment, although appellant initialed some of those admonishments. The only range of punishment not crossed out is that for a third-degree felony. The admonishments are signed by appellant.

The record for the first-degree felony offense of possession with intent to deliver hyrdrocodone similarly contains written admonishments signed by appellant. In that case, appellant initialed the admonishments for a first-degree, second-degree, and third-degree felony, but there is a mark across those admonishments and all the other admonishments regarding range of punishment. At the end of the admonishments regarding range of punishment is the following, in brackets but without appellant's initials, "Other: 10 years − 99 years or life TDC."

The record before this court as a whole does not affirmatively show that appellant was unaware of the range of punishment for the offenses of possession of a firearm as a felon and possession with intent to deliver hydrocodone. The record therefore does not support appellant's claim that his plea was involuntary on that basis. We overrule appellant's third and fourth issues.

## DEADLY WEAPON FINDING

In his final issue, appellant claims the evidence is legally insufficient to support the finding a deadly weapon was used in both offenses of possession with intent to deliver (trial court cause numbers 1376039 and 1376040). The records reflect that the indictments in both cases alleged use of a deadly weapon. Appellant's judicial confessions include use of a deadly weapon in both cases.

A stipulation of evidence or judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea so long as it establishes every element of the offense charged. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). Accordingly, we hold the evidence is sufficient to support the deadly weapon finding in both offenses for possession with intent to deliver. Issue five is overruled.

## CONCLUSION

Having overruled all of appellant's issues, we affirm the trial court's judgment in each case.


/s/    Martha Hill Jamison
       Justice


Panel consists of Justices Jamison, Busby, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).

12